Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000338
30-JUN-2015
08:36 AM

NO. CAAP-15-0000338

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CLAUS ZIMMERMAN HANSEN, Plaintiff-Appellant,
v.
BANK OF AMERICA, National Association as Trustee
for Washington Mutual Mortgage Pass-Through Certificates
Series 2007-04A Trust, U.S. Bank as the Successor Trustee to
Bank of America, BARBARA HINDMAN, JP MORGAN CHASE BANK, N.A.,
Defendants-Appellees,
and
DOE DEFENDANTS 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 12-1-0807(3))

ORDER
(1) DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION;
AND
(2) ALL PENDING MOTIONS ARE DISMISSED AS MOOT
(By: Foley, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record on appeal, it appears

that we lack appellate jurisdiction over this appeal that

Plaintiff-Appellant Claus Zimmerman Hansen (**Appellant**) has

asserted from the Honorable Joseph E. Cardoza's March 18, 2015

judgment in favor of Defendants-Appellees Bank of America (**BOA**) and U.S. Bank (**US Bank**) (collectively, **Appellees**), because the March 18, 2015 judgment neither resolves all claims against all parties nor contains a finding of no just reason for delay in the entry of judgment as to one or more but fewer than all claims or parties pursuant to Rule 54(b) of the Hawai'i Rules of Civil Procedure (HRCP), as Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2014) requires for an appealable final judgment under HRCP Rule 58 and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." The Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on <u>Jenkins</u> and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." <u>Carlisle v. One (1) Boat</u>, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Furthermore,

> if a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

<u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338. When interpreting

-2-

the requirements for an appealable final judgment under HRS § 641-1(a) and HRCP Rule 58, the Supreme Court of Hawai'i has explained that

> [i]f we do not require a judgment that resolves <u>on its face</u> all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality, . . . and we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58.

<u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338 (citation omitted; original emphasis). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, <u>on its face</u>, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." <u>Id.</u> (original emphasis).

The March 18, 2015 judgment does not contain the finding necessary for certification under HRCP Rule 54(b). Therefore, in order to be an appealable final judgment, the March 18, 2015 judgment must resolve all claims asserted against all parties, which would include claims that Appellant asserted against Barbara Hindman and JP Morgan Chase Bank in addition to the claims asserted against Appellees.

Although the March 18, 2015 judgment enters judgment in favor of Appellees, the March 18, 2015 judgment does not either enter judgment on or dismiss claims asserted by Appellant against Barbara Hindman or JP Morgan Chase Bank. Because the March 18, 2015 judgment does not, on its face, resolve all claims against all parties, the March 18, 2015 judgment fails to satisfy the

requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 58 and the holding in <u>Jenkins</u>.

Absent an appealable final judgment, this appeal is premature and we lack appellate jurisdiction over appellate court case number CAAP-15-0000338.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-15-0000338 is dismissed for lack of appellate jurisdiction. All pending motions are dismissed as moot.

DATED: Honolulu, Hawai'i, June 30, 2015.


Presiding Judge


Associate Judge


Associate Judge